**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRAVIS LEE DANLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 13-CV-0074-CVE-PJC |
| ) | |
| MIKE ADDISON, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing pro se. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 6). Petitioner did not file a response to the motion to dismiss. As discussed below, the petition (Dkt. # 1) is a mixed petition and is subject to being dismissed. However, Petitioner shall be afforded the opportunity to file an amended petition containing his exhausted claim, as specified herein, and deleting his unexhausted claims.

*BACKGROUND*

On February 11, 2010, Petitioner was convicted by a jury of two counts of First Degree Murder (Counts I and II), Arson (Count III), Larceny From a House (Count IV), and Larceny of a Motor Vehicle (Count V), in Tulsa County District Court, Case No. CF-2008-4515. The trial court sentenced Petitioner to life without parole and a fine of $10,000 on both Counts I and II, to twenty-five (25) years imprisonment and a fine of $20,000 on Count III, to eight (8) years imprisonment and a fine of $1,000 on Count IV, and to twenty (20) years imprisonment on Count V. The sentences were ordered to be served consecutively. Petitioner was represented at trial by attorney David Phillips.

Petitioner filed a timely direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stuart Southerland, Petitioner raised the following five (5) propositions of error:

> Proposition 1: It was error for the district court to refuse to grant a mistrial after the jury heard testimony that Appellant was on probation and prohibited from traveling to Oklahoma. This reference to other crimes denied Appellant his right to a fair trial pursuant to the Fourteenth Amendment to the United States Constitution.
>
> Proposition 2: The evidence was insufficient to establish the offense of Larceny from a House in Count Four.
>
> Proposition 3: Prosecutorial misconduct [improperly questioning Appellant on cross-examination, improperly equating the defense of voluntary intoxication to an insanity defense, improperly shifting the burden of proof] served to deny Appellant due process and the right to a fair trial guaranteed by the Oklahoma and United States Constitutions.
>
> Proposition 4: Appellant had ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>    1. Failure to request an instruction to keep the charges separate.
>    2. Allowing victim impact statements at formal sentencing.
>
> Proposition 5: The combined errors during Appellant's trial served to deny him the right to due process and a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution.

(Dkt. # 6-1). The OCCA filed an unpublished opinion on February 9, 2012, affirming Petitioner's convictions and sentences in Counts I, II, III, and V, and modifying the Count IV conviction and sentence to Petit Larceny and six months in the county jail. (Dkt. # 6-3). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

Petitioner filed the instant petition for writ of habeas corpus on February 4, 2013. (Dkt. # 1). He raises five grounds of error, as follows:

Ground 1:   Insufficient evidence to prove Counts I, II, and IV.

Ground 2:   Prosecutorial misconduct by presenting 8 x 11 color photos in view of the jury without admitting the photos into evidence and shifting the burden of proof to Petitioner.

Ground 3:   Ineffective assistance of trial counsel.
    a.   Refused to investigate several key witness[es] to my case.
    b.   Dismissed witnesses because of time constraints set by jury.
    c.   Failure to request competency evaluation.
    d.   Failure to obtain correct phone records.
    e.   Failure to call key witnesses for the defense.
    f.   Failure to prepare a defense as evidenced by failure to give an opening statement.
    g.   Failure to request a pre-sentence investigation.
    h.   Unprofessional and inadequate performance inhibited right to fair trial and hindered justice from prevailing.

Ground 4:   Ineffective assistance of appellate counsel.
    a.   Failure to raise claims cited above.
    b.   Inaccurately stated key facts.

Ground 5:   Cumulative error.

(Dkt. # 1). Petitioner acknowledges that he did not present all five habeas grounds to the OCCA as part of his direct appeal and attributes the omission to ineffective assistance of appellate counsel. (Id.). Petitioner also states that he is "working on" his application for post-conviction relief, but that he has been unable to obtain his transcripts from the trial court for use in preparing his application.[1] (Id. at 3-4). In the brief in support of the motion to dismiss, Respondent asserts that Petitioner has failed to exhaust state remedies as to all claims, except Ground 5, and that the petition should be dismissed. See Dkt. # 6.

---

[1] As of today's date, Petitioner has not filed an application for post-conviction relief in Tulsa County District Court, Case No. CF-2008-4515.

*ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b). The exhaustion requirement is based on the doctrine of comity. Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

In order to exhaust a claim, the applicant "must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that the exhaustion requirement dictates that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review by the State's highest court); Wilson v. Workman, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc) ("The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." (internal citation and quotation marks omitted)). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted).

The burden of proving exhaustion rests with the prisoner. See Olson v. McKune, 9 F.3d 95, 95 (10th Cir. 1993). An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman, 501 U.S. at 731-32. If an applicant has failed to exhaust state remedies and state courts "would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (internal quotation marks omitted); accord Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997); see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability . . . [I]f the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.").

In this case, Respondent argues that "[w]hile Petitioner presented several claims on direct appeal, the allegations Petitioner now raises in this habeas petition were not presented, with the exception of the cumulative error claim." (Dkt. # 6 at 2). After reviewing the petition and the direct appeal brief filed by Petitioner, the Court finds that Petitioner has not presented to the Oklahoma state courts the habeas claims raised in Ground 1, the first claim raised in Ground 2, all eight claims raised in Ground 3, and the claim raised in Ground 4. The Court also finds that, contrary to Respondent's argument, the cumulative error claim raised in Ground 5 is also unexhausted. Even though a cumulative error claim was presented to the OCCA, that court reviewed whether the errors raised on direct appeal cumulated to result in an unfair trial. The cumulative error claim presented to this Court seeks review of the cumulative effect of the claims raised in the habeas petition. Those claims are, in large part, different from those presented to the OCCA and thus the claim of

5

cumulative error presented in Ground 5 of the habeas petition is unexhausted. Only the second claim in Ground 2, i.e., that the prosecutor improperly shifted the burden of proof, was presented to the OCCA and is exhausted.

Unless an exception to the exhaustion doctrine applies, the instant petition is a "mixed petition," containing both exhausted claims and unexhausted claims, and is subject to dismissal without prejudice. Lundy, 455 U.S. at 522 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief). In addition, Petitioner has an available remedy for his unexhausted claims, an application for post-conviction relief.

In his petition, Petitioner states that the unexhausted claims were not raised in state court because his appellate counsel "was unresponsive to [Petitioner's] correspondence during Direct Appeal" and that he is "still working on post conviction [because of] problems getting transcripts." (Dkt. # 1 at 7). Before imposing a procedural bar on Petitioner's omitted claims, the state courts would consider whether Petitioner has demonstrated "sufficient reason" for failing to raise his claims on direct appeal. Because Petitioner alleges that he received ineffective assistance of appellate counsel as the reason for his failure to raise the omitted claims on direct appeal, it may not be futile to require Petitioner to return to state court to present his constitutional claims, including his claim of ineffective assistance of appellate counsel, in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2008-4515.

The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996 "dramatically altered the landscape for federal habeas corpus petitions" by preserving the "total exhaustion" requirement of Lundy, but at the same time imposing a one-year statute of limitations

on the filing of federal petitions. Rhines v. Weber, 544 U.S. 269, 274 (2005). "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. In the instant case, Petitioner filed his petition for writ of habeas corpus prior to expiration of the 1-year limitations period. However, because the pendency of this federal action does not serve to toll the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-182 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition), if the Court were to dismiss this petition, Petitioner may be precluded from returning to federal court after exhausting his claims by the 28 U.S.C. § 2244(d) limitations period.[2]

Although the Court has discretion to stay this matter while Petitioner returns to state court to exhaust his claims, Rhines, 544 U.S. at 276, the Court finds that course of action is unwarranted in this case. "Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Where stay and abeyance is appropriate, a district court can "abuse its discretion . . . to deny a stay and to

---

[2]Petitioner's conviction became final for purposes of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), on May 9, 2012, or 90 days after the OCCA affirmed his conviction on direct appeal on February 9, 2012, when the period for seeking certiorari review in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, in the absence of statutory or equitable tolling, Petitioner's one year limitations period began to run on May 10, 2012, and his deadline for filing a timely petition for writ of habeas corpus was May 10, 2013. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The petition in this case was filed February 14, 2013, or before the deadline. However, it appears that the deadline has now passed. As a result, if this Court were to dismiss this petition, any effort by Petitioner to return to federal court after exhausting state remedies may be time-barred since the one-year limitations period expired during the pendency of this action.

dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. Here, Petitioner does not demonstrate good cause for his failure to exhaust. Petitioner did not file a response to the motion to dismiss. As discussed above, Petitioner states that he failed to raise his unexhausted claims on direct appeal because of ineffective assistance of appellate counsel. See Dkt. # 1. He also states that he is "still working on post-conviction," but that he has had problems obtaining trial transcripts. See id. at 7. However, those arguments are insufficient to constitute good cause. Further, nothing in the record suggests that Petitioner can demonstrate "good cause" for his failure to exhaust each of his claims in state court prior to filing his petition. Therefore, the Court declines to stay this action.

Although a "stay and abeyance" is not warranted in this case, the Court will afford Petitioner the opportunity to file an amended petition to delete the unexhausted claims and to proceed with only his exhausted claim. See Rhines, 544 U.S. at 278. Therefore, if Petitioner wishes to proceed at this time with only his exhausted claim, i.e., his claim of prosecutorial misconduct for improperly shifting the burden of proof, he may, within twenty-one (21) days of the entry of this Order, file an amended petition raising only his exhausted claim and deleting his unexhausted claims. If Petitioner fails to file an amended petition within twenty-one (21) days of the entry of this order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. Within twenty-one (21) days of the entry of this Order, or by **November 28, 2013**, Petitioner may file an amended petition containing only the exhausted claim and deleting the unexhausted claims, as identified herein. If Petitioner files an amended petition deleting his unexhausted claims, Respondent's motion to dismiss will be declared moot.

3. Should Petitioner fail to file an amended petition within twenty-one (21) days of the entry of this Order, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies.

4. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 13-CV-074-CVE-PJC.

**DATED** this 7th day of November, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE